**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RAMON EDUARDO CASTELLANO-SUAREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-700-PRW |
| | ) | |
| JOSHUA JOHNSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner Ramon Eduardo Castellano-Suarez's Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. On July 23, 2026, Magistrate Judge Shon T. Erwin issued a Report and Recommendation (Dkt. 13) recommending that the Court grant in part Petitioner's request for habeas relief and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). Though Petitioner did not raise a claim that his detention violates the Immigration and Nationality Act, which permits bond hearings, Magistrate Judge Erwin decided that § 1226(a) governs his detention because Respondents allege that Petitioner is properly detained under 8 U.S.C. § 1225(b)(2).

The Government objects to Magistrate Judge Erwin's determination that § 1226(a) controls Petitioner's detention.[1] However, the Government acknowledges that this matter

---

[1] *See* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

is controlled by the Tenth Circuit's opinion in *Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), which limited § 1225(b)(2)(A)'s reach to aliens detained at the border.[2]

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 13) and **GRANTS** the Petition **IN PART** (Dkt. 1). The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days of this Order or otherwise release Petitioner if he has not received a bond hearing within that period.

**IT IS SO ORDERED** this 2nd day of September 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

[2] Objs. to R&R (Dkt. 14), at 1; *see also Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 (10th Cir. June 30, 2026).